UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────── x

F. STEWART KALLINGER, LLC.,

                Plaintiff,

   -against-

THE COMBINED BOOK EXHIBIT, INC.; REED EXHIBITIONS LIMITED USA; and RELX GROUP, PLC;

                Defendants.
──────────────────────────────────── x

Civil Action #:

COMPLAINT FOR COPYRIGHT INFRINGEMENT

DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

1. This is a copyright infringement action, et al., on behalf of plaintiff F. Stewart Kallinger, LLC., (hereinafter referred to as "Kallinger") against defendant The Combined Book Exhibit, Inc., defendant Reed Exhibitions Limited USA and defendant Relx Group, PLC., pursuing remedies authorized under State and Federal laws for the unauthorized copying, reproduction, display and distribution of a book authored by plaintiff Kallinger.

## JURISDICTION AND VENUE

2. The claims asserted herein arise pursuant to the Copyright Act (17 U.S.C. § 101, et seq.) et al.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 & 1338.

4. Venue is properly laid in this District pursuant to 28 U.S.C. § 1400. The acts and conduct complained herein occurred in substantial part in this District and the defendants maintain their principal place of business in this District.

5. This Court has supplemental jurisdiction over the pendant New York State Law Claims pursuant to 28 U.S.C. § 1367.

6. In connection with the acts and conduct alleged in this Complaint, defendants directly and/or indirectly used the means and instrumentalities of interstate commerce, including the World Wide Web and/or internet.

PARTIES

7. At all times mentioned herein, plaintiff Kallinger was and still is a Limited Liability Company organized and existing under the laws of the State of New York.

8. At all times mentioned herein, defendant The Combined Book Exhibit, Inc. (hereinafter Referred to as "Combined Book") was and still is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business located at 277 White Street, Buchanan, New York.

9. At all times mentioned herein, defendant Reed Exhibitions Limited USA (hereinafter referred to as "Reed") was and still is a business entity, existing under the laws of the State of New York, with its principal place of business located at 80 8th Ave., New York, New York.

10. At all times mentioned herein, defendant Relx Group, PLC. (hereinafter referred to as "Relx") was and still is a business entity, existing under the laws of the State of New York, with its principal place of business located at 230 Park Ave., New York, New York.

11. At all times mentioned herein, defendant Relx was the parent company of defendant

Reed.

12. At all times mentioned herein, defendant Relx was the principal of defendant Reed.

13. At all times mentioned herein, defendant Reed was the agent of defendant Relx.

14. At all times mentioned herein, defendant Reed in doing the things alleged herein was acting in the course and scope of and in furtherance of its agency relationship with defendant Relx.

15. At all times mentioned herein, defendant Relx was the owner of defendant Reed.

16. At all times mentioned herein, defendant Relx operated defendant Reed.

17. Based upon information and belief, at all times mentioned herein, defendant Relx exercised dominion over defendant Reed.

18. Based upon information and belief, at all times mentioned herein defendant Relx exercised control over defendant Reed.

19. Based upon information and belief, at all times mentioned herein defendant Relx exercised control over the daily operations of defendant Reed.

20. Based upon information and belief, at all times mentioned herein defendant Relx conducted business through defendant Reed.

FACTUAL ALLEGATIONS

21. Plaintiff Kallinger authored a book entitled "A Lesson For Ms. Fort" (hereinafter referred to as "Book").

22. Plaintiff Kallinger is the legal and beneficial owner of the copyright interest in the Book.

23. Plaintiff Kallinger registered the Book with the United State Copyright Office,

registration number TXU 2-001-375, effective date of registration was September 8, 2015.  Attached hereto as Exhibit "1" is a true and accurate copy of the Certificate of Registration.

24. Defendant Combined Book engages in the business of promoting books.

25. Defendant Combined Book provides marketing services for authors and publishers.

26. Defendant Combined Book's marketing mediums are the internet, trade shows and book fairs.

27. Defendant Reed and defendant Relx (hereinafter collectively referred to as the "Reed Defendants") are providers of information and analytics for professional and business customers and organize events (i.e. trade shows).

28. Plaintiff Kallinger and defendant Combined Book entered into an agreement that plaintiff would pay defendant Combined Book a fee for advertising, marketing and promoting plaintiff's Book at a book show located in Washington, D.C.

29. Plaintiff Kallinger and defendant Combined Book agreed that a promotional video advertizing plaintiff Kallinger's Book, incorportaing a picture of the cover of plaintiff Kallinger's Book, would be displayed on a large screen TV at the book show for viewing of show attendees.

30. Plaintiff Kallinger allowed defendant Combined Book to publish the first two to three pages of plaintiff Kallinger's Book in defendant Combined Books' "Look Inside Feature".

31. At the time of entering into the agreement, defendant Combined Book was not given the right to publish or display any part of plaintiff Kallinger's Book, except as set forth in the

preceding paragraphs (¶ 29 & 30).

32. Defendant Combined Book requested that plaintiff provide defendant Combined Book with a digital copy of plaintiff Kallinger's Book.

33. Pursuant to defendant Combined Book's request, plaintiff Kallinger gave defendant Combined Book a digital copy of plaintiff Kallinger's Book.

34. Defendant Combined Book publishes an internet website, www.combinedbooks.com which is available and accessed by members of the general public.

35. Defendant Combined Book publishes an internet webpage, www.newtitleshowcase.com which is available and accessed by members of the general public.

36. Defendant Reed publishes an internet webpage, www.newtitleshowcase.com which is available and accessed by members of the general public.

37. The Reed Defendants publish an internet webpage, www.newtitleshowcase.com which is available and accessed by members of the general public.

38. Defendant Reed and defendant Combined Books organized the "New Title Showcase" exhibit for book fairs.

39. The Reed Defendants and defendant Combined Books organized the "New Title Showcase" exhibit for book fairs.

40. The New Title Showcase is a partnership between defendant Reed and defendant Combined Book.

41. The New Title Showcase is a partnership between the Reed Defendants and defendant Combined Book.

42. www.newtitleshowcase.com is a partnership between defendant Reed and defendant

Combined Book.

43. www.newtitleshowcase.com is a partnership between the Reed Defendants and defendant Combined Book.

44. Defendant Combined Book is responsible for the creation and development of information provided on the webpages at www.combinedbooks.com.

45. Defendant Combined Books is responsible for the creation and development of information provided on the webpages at www.newtitleshowcase.com.

46. Defendant Reed is responsible for the creation and development of information provided on the webpages at www.combinedbooks.com.

47. Defendant Reed is responsible for the creation and development of information provided on the webpages at www.newtitleshowcase.com.

48. The Reed Defendants are responsible for the creation and development of information provided on the webpages at www.combinedbooks.com.

49. The Reed Defendants are responsible for the creation and development of information provided on the webpages at www.newtitleshowcase.com.

50. Defendant Combined Book advertises and promotes its services on the internet and through other mediums.

51. Defendant Combined Book via its internet postings and webpages, directs consumers to www.combinedbooks.com.

52. During the summer of 2016, plaintiff Kallinger discovered that defendant Combined Book posted and published the aforementioned webpages, which stated that 267 pages of plaintiff Kallinger's Book was available to be read for free from defendant Combined

Book's websites and/or webpages (See Exhibit "2").

53. During the summer of 2016, plaintiff Kallinger discovered that defendant Reed posted and published www.newtitleshowcase.com, which stated that 267 pages of plaintiff Kallinger's Book was available to be read for free.

54. During the summer of 2016, plaintiff Kallinger discovered that the Reed defendants posted and published www.newtitleshowcase.com, which stated that 267 pages of plaintiff Kallinger's Book was available to be read for free.

55. During the summer of 2016, plaintiff Kallinger discovered that defendant Combined Book copied, reproduced, distributed and made publicly available at www.newtitleshowcase.com a substantial portion of plaintiff Kallinger's Book without plaintiff Kallinger's consent or authorization.

56. Defendant Combined Book does not have any license, authorization, permision or consent to copy, reproduce, distribute or make plaintiff Kallinger's Book available to the general public, except as previously stated herein.

57. During the summer of 2016, plaintiff Kallinger discovered that defendant Reed reproduced, copied, distributed and made publicly available at www.newtitleshowcase.com a substantial portion of plaintiff Kallinger's Book without plaintiff Kallinger's authorization.

58. Defendant Reed does not have any license, authorization, permision or consent to reproduce, copy, distribute or make plaintiff Kallinger's Book available to the general public.

59. During the summer of 2016, plaintiff Kallinger discovered that the Reed Defendants

reproduced, copied, distributed and made publicly available at www.newtitleshowcase.com a substantial portion of plaintiff Kallinger's Book without plaintiff Kallinger's authorization.

60. The Reed Defendants do not have any license, authorization, permission or consent to reproduce, copy, distribute or make plaintiff Kallinger's Book available to the general public.

61. Plaintiff Kallinger is entitled to injunctive relief and redress for defendants' willful, intentional and purposeful use and exploitation of plaintiff Kallingr's Book with full knowledge that such use constituted infringement of, and was in disregard of, plaintiff Kallinger's rights.

## COUNT I
## COPYRIGHT INFRINGEMENT

62. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 61 above, as if fully set forth herein.

63. Defendants have infringed plaintiff Kallinger's copyright in the Book in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

64. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to plaintiff Kallinger's rights.

65. By allowing the general public free access to a substantial portion of plaintiff Kallinger's Book, plaintiff Kallinger has been deprived of sales of it's Book and has sustained a loss of income and profits.

66. As a direct and proximate result of said infringement by defendants, plaintiff Kallinger is

entitled to general, special, actual and/or statutory damages in an amount to be proven at trial.

67. Plaintiff Kallinger is also entitled to defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

68. Plaintiff Kallinger is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

69. As a direct and proximate result of the foregoing acts and conduct, plaintiff Kallinger has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

70. Plaintiff Kallinger is informed and believes and on that basis avers that unless enjoined and restrained by this Court, defendants will continue to infringe plaintiff Kallinger's rights in plaintiff Kallinger's Book.

71. Plaintiff Kallinger is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendants' continuing infringing conduct.

72. Plaintiff Kallinger is entitled to an award of punitive damages because defendants conduct was willful, intentional, egregious and/or malicious.

COUNT II.

LANHAM ACT VIOLATION

73. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 72 above, as if fully set forth herein.

74. Plaintiff Kallinger received trademark protection for it's name "F Stewart Kallinger" (hereinafter referred to as "Mark") with the United States Patent and Trademark Office, under Registration No. 5,057.340.

75. Defendants have violated plaintiff Kallinger's rights as protected by the Lanham Act, 15 U.S.C. § 1114, 1125 et seq.

76. Defendants without plaintiff Kallinger's consent used in commerce plaintiff Kallinger's Mark, as part of the sale or distribution of its goods and/or services.

77. Defendants' use was likely to cause confusion that defendant had the right and ability to provide a substantial portion of plaintiff Kallinger's Book for free and that plaintiff Kallinger sponsors or endorses defendants' use of the Mark.

78. Defendants have engaged in unfair competition due to the above referenced false descriptions, representations, paliming off and/or passing off.

79. Defendants' conduct violates common law trade mark infringement, false designation, false or misleading description and misrepresentation of fact.

80. Defendants' conduct deceives as to the affiliation, connection, or association of plaintiff Kallinger and defendants; as to the origin, sponsorship, and approval of plaintiff Kallinger's Book as represented by defendants; and misrepresents the nature, characteristics and qualities of plaintiff Kallinger's Book.

81. Defendants' acts are willful, intentional and purposeful, in disregard of and with indifference to plaintiff Kallinger's rights.

82. As a direct and proximate result of said infringement by defendants, plaintiff Kallinger is

entitled to general, actual, special, treble and statutory damages in an amount to be proven at trial.

83. Due to defendants' egregious conduct, plaintiff Kallinger is entitled to punitive damages.

84. Plaintiff Kallinger is entitled to defendants' profits attributable to its wrongful conduct and an accounting of and a constructive trust with respect to such profits.  If the court finds that the amount of the recovery based on profits is inadequate it is requested to enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

85. Plaintiff Kallinger is further entitled to its attorneys' fees and costs pursuant to 15 U.S.C. § 1114 & §1117, and otherwise according to law.

86. As a direct and proximate result of the foregoing acts and conduct, plaintiff Kallinger has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

87. Plaintiff Kallinger is informed and believes and on that basis avers that unless enjoined and restrained by this Court, defendants will continue to infringe plaintiff Kallinger's protected rights.

88. Plaintiff Kallinger is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendants' continuing infringing conduct.

## COUNT III.

## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

89. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 88 above, as if fully set forth herein.

90. Defendants' actions constitute a knowingly deceptive consumer-oriented act and practice which was misleading in a material respect.

91. Plaintiff Kallinger was damaged, inter alia, in that potential purchasers of plaintiff Kallinger's Book were led to believe that most of plaintiff Kallinger's Book was available for free and they did not have to purchase it, which would affect the general publics' valuation of plaintiff Kalinger's Book.

92. As a direct and proximate result of defendants' conduct, plaintiff Kallinger is entitled to general, special, compensatory, treble and/or statutory damages in an amount to be proven at trial.

93. Plaintiff Kallinger is further entitled to it's attorneys' fees and costs.

## COUNT IV.

## FRAUD AND MISREPRESENTATION

94. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 93 above, as if fully set forth herein.

95. Defendant Combined Book misrepresented and made false statements to plaintiff Kallinger.

96. Prior to plaintiff Kallinger providing a digital copy of plaintiff Kallinger's Book, defendant Combined Book had a legal duty and indicted that it would not copy, publish or disseminate plaintiff Kallinger's Book.

97. Said statement by defendant Combined Book was collateral and/or extraneous to the contract.

98. Defendant Combined Book requested a digital copy of plaintiff Kallinger's Book, with the assurance that defendant Combined Book would not copy, publish and disseminate plaintiff Kallinger's Book, except as set forth herein.

99. The statements made by defendant Combined Book were false and untrue.

100. The statements were known by defendant Combined Book to be false when it made the same.

101. The statements were made by defendant Combined Book with malice and fraudulent intent.

102. The statements were made by defendant Combined Book for the purpose and with the intent of deceiving, defrauding and to induce reliance thereon.

103. Plaintiff Kallinger believed said statements made by defendant Combined Book to be true and relied thereon.

104. As a result of defendant Combined Book's actions, plaintiff Kallinger suffered damages which are unrecoverable as contact damages and in an amount to be proven at trial.

105. As a direct and proximate result of defendant Combined Book's conduct, plaintiff Kallinger is entitled to general, special and exemplary damages in an amount to be proven at trial.

## COUNT V.

## BREACH OF CONTRACT

106. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 105 above, as if fully set forth herein.

107. Defendant Combined Book entered into an agreement with plaintiff Kalinger as set forth herein.

108. Defendant Combined Book received a digital copy of plaintiff Kallinger's Book.

109. Defendant Combined Book copied, published and disseminated plaintiff Kallinger's Book, without plaintiff Kallinger's consent and authorization.

110. Plaintiff Kallinger has performed under the terms of the above referenced agreement.

111. Defendant Combined Book breached the agreement by copying, publishing and otherwise making available hundreds of pages of plaintiff Kallingr's Book on its webpage located at [www.newtitleshowcase.com.](www.newtitleshowcase.com.).

112. Defendant Combined Book breached the agreement by not displaying the video advertisement of plaintiff Kallinger's Book on a large screen monitor at the Washognton D.C. show.

113. Plaintiff Kallinger has suffered damages in an amount to be proven at trial

WHEREFORE, plaintiff Kallinger prays for judgment against defendants, as follows:

On Counts I & II for:

A. General, special, actual, compensatory, punitive and/or statutory damages as may be found, or as otherwise permitted by law;

B. An accounting of, and the imposition of a constructive trust with

respect to, defendants' profits attributable to their infringements of plaintiff Kallinger's rights;

C.      A preliminary and permanent injunction prohibiting defendants, and their agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe plaintiff Kallinger's rights;

D.      Prejudgment interest according to law; and

E.      Plaintiff Kallinger's attorneys' fees, costs and disbursements in this action.

On Counts III, IV. & V for:

A.      General, special, actual, compensatory, punitive, treble and/or statutory damages as may be found, or as otherwise permitted by law; and

B.      Plaintiff Kallinger's attorneys' fees, costs and disbursements in this action.

Together with such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury.

Dated:   Floral Park, New York
         September 14, 2017

Wurzel Law Group, PLLC.

By: _____
     Glenn J. Wurzel
*Attorney for plaintiff F. Stewart Kallinger, LLC*
249-12 Jericho Turnpike, Suite 230
Floral Park, New York 11001
(516) 481-7617   Ext. 23
Email: gjw@wurzelawgroup.com